UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GANDY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:14-CV-0369-B |
| | § | |
| LYNX CREDIT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Christopher Gandy's Motion for Default Judgment (doc. 8), filed April 18, 2014. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion.

## I.

## BACKGROUND

This case was originally filed against Defendant Lynx Credit ("Lynx") on January 30, 2014.[1] In his Complaint, Plaintiff Christopher Gandy ("Gandy") alleges that Lynx is a debt collector attempting to collect from him by reporting an alleged debt to a credit reporting agency ("CRA").[2] Doc. 1, Compl. ¶¶ 4–10. Gandy maintains that Lynx cannot legally recover debts in Texas because

---

[1] Suit was initially filed against two defendants, Lynx and IQ Data International. Compl. ¶¶ 3-5. The claims against IQ Data International, however, were filed in error and have since been dismissed with prejudice. Docs. 8, Pl.'s Mot for Default J. ¶¶ 3, 7; 10, Stipulation of Dismissal; 11, Am. Stip. of Dismissal.

[2] As an initial matter, the Court notes the quality of writing, or rather lack thereof, in counsel's brief. Counsel's slipshod effort is devoid of clarity and rife with spelling errors, grammatical miscues, poor formatting, and questionable quotations. Filings of this type do a disservice to both the Court and the client. *See Kuzmin v. Thermaflo, Inc.*, No. 2:07-CV-00554-TJW, 2009 WL 142173, at *2 n.6 (E.D. Tex. May 20, 2009) ("By submitting a poorly written brief, the attorney fails the Court as well as the client."); *High v. Rhay*, 519 F.2d 109, 113 (9th Cir. 1975) (labeling counsel's poorly written brief "worthless").

it failed to file a bond with the Texas Secretary of State. *Id.* ¶¶ 12–13. Gandy further alleges that Lynx misled him to believe that it had satisfied Texas state requirements for debt collection, and thereby misrepresented its ability to collect debt under state law. *Id.* Gandy claims that Lynx's actions were in violation of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Texas Debt Collection Practices Act, Tex. Fin. Code § 392.001 *et seq.* ("TDCPA"). *Id.* at ¶¶ 20, 22–23, 27–28. Gandy maintains that as a consequence of Lynx's actions he suffered emotional pain and mental anguish, and incurred $1,992 in actual damages. *Id.* at ¶ 15; Pl.'s Mot. for Default J. ¶¶ 3, 7.

Process was served on Lynx via its registered agent on February 10, 2014, and directly at its physical place of business on February 12, 2014. Doc. 5, Proof of Service. To date, Lynx has failed to answer or otherwise make an appearance in this case. Consequently, on April 18, 2014, the Clerk of the Court issued an Entry of Default against Lynx. Doc. 7. Gandy filed his present motion on the same day, which is now ripe for review.

## II.

## LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 55 provides for the entry of default judgments in federal court. According to the Rule, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b).

That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav.*

*Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, the Court is to assume that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *4 (S.D. Tex. Oct. 5, 2011) ("A

defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages.") (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

In this case, after reviewing Gandy's Motion in light of the six *Lindsey* factors, the Court finds that default judgment is procedurally warranted. First, Lynx has not filed any responsive pleadings. Consequently there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Second, Lynx's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, there is no evidence before the Court to indicate that Lynx's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fourth, Lynx's complete failure to respond to Gandy's complaint for the past ten months mitigates the harshness of a default judgment. *John Perez Graphics & Design, LLC v. Green Tree Inv. Group, Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013). Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Lynx.

Although procedurally warranted, however, the Court cannot enter default judgment for Gandy because Gandy's claims do not find support in the well-pleaded factual allegations of his complaint. As stated above, Gandy claims that Lynx violated various provisions of the FDCPA and

TDCPA by representing to him that it was legally permitted to collect a debt from him in Texas when, in fact, Lynx was not permitted to do so because it had not obtained a surety bond as required by Section 392.101 of the TDCPA. Compl. ¶¶ 21–28. For any of these claims to be viable, Gandy must be able to show that Lynx was, in fact, subject to the TDCPA's bond requirement.[3] This, in turn, requires Gandy to have pleaded at least some facts to show that Lynx was a third-party debt collector, as that term is defined by the TDCPA.[4] He has not.[5] Accordingly, Gandy has failed to state a viable claim for relief under either the FDCPA or TDCPA. *See Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law.").

## IV.

## CONCLUSION

In sum, the Court concludes that although procedurally warranted, it would not be proper to enter a default judgment for Gandy in this case because the well-pleaded facts in Gandy's Complaint are wholly insufficient to support a viable claim against Lynx under either the FDCPA or TDCPA. Accordingly, Gandy's Motion for Default Judgment is hereby **DENIED** without

---

[3] In relevant part, Section 392.101 of the TDCPA provides that a "third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in [Texas]. . . ." Tex. Fin. Code. § 392.101(a).

[4] As defined by the TDCPA, a "third-party debt collector" is the same as a "debt collector" under the Federal Debt Collection Practices Act. *Id.* § 392.001(7). Thus, a "third-party debt collector" under the TDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6).

[5] Rather, Gandy merely states in conclusory fashion that Lynx was a "third-party debt collector" under the TDCPA and a "debt collector" under the FDCPA. Compl. ¶¶ 9, 26.

prejudice to re-file.[6]

        **SO ORDERED.**

        **SIGNED: December 3, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[6] Should Gandy choose to re-file his Motion, his attorney would be wise to more clearly articulate the legal theories and facts upon which his client's claims rest. He should also include along with his motion documents to support his client's claim for actual and statutory damages including, but not limited to, documents showing the amount of his client's alleged debt.